B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS R. Keith Johnson, Trustee for the bankruptcy estate of CAAMS, LLC | DEFENDANTS CAAMS, LLC, Caams MRO SERVICES,INC. |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) R. Keith Johnson 1275 S. Hwy. 16, Stanley, NC 28164 (704)827-4200 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) □ Debtor   □ U.S. Trustee/Bankruptcy Admin □ Creditor   □ Other ☒ Trustee | PARTY (Check One Box Only) ☒ Debtor   □ U.S. Trustee/Bankruptcy Admin □ Creditor   □ Other □ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CAAMS, LLC | BANKRUPTCY CASE NO.<br>15-31778 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | DIVISION OFFICE<br>Charlotte | NAME OF JUDGE<br>J. Craig Whitley |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*R. Keith Johnson* | | |
| DATE<br>November 9, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>R. Keith Johnson | |

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **CAAMS, LLC** | ) | **CASE NO. 15-31778** |
| Debtor. | ) | **CHAPTER 7** |
| _____ | ) | |
| | ) | |
| **R. KEITH JOHNSON, Trustee for the bankruptcy** | ) | |
| **estate of CAAMS, LLC** | ) | **ADV. PROC. NO. _____** |
| Plaintiff, | ) | |
| **v.** | ) | **COMPLAINT TO SET ASIDE TRANSFER** |
| | ) | |
| **CAAMS, LLC, Caams MRO SERVICES, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THE PLAINTIFF**, complaining of the Defendant, alleges and says as follows:

1.      On 11 November 2015 CAAMS, LLC (hereinafter "CAAMS" or "the Debtor") filed a voluntary Chapter 7 bankruptcy case in this Court.

2.      R. Keith Johnson was duly appointed as Trustee for the bankruptcy estate of the Debtor.

3.      This is a core proceeding, as this is a Complaint to set aside a transfer of property in which the Debtor held an interest

4.      On or about 3 November 2008 Rutherford Aviation, LLC, with the agreement of Rutherford Airport Authority, transferred and assigned to the Debtor, CAAMS, LLC, a certain lease agreement relating to Hangar 5C at the Rutherford County Airport, a copy of said Assignment of Lease Agreement being attached hereto and incorporated by reference.

5.      For unknown reasons, the lease assignment was not recorded in the Rutherford County Register of Deeds until 25 November 2014.

6.      The lease had previously been executed between the Rutherford County Airport Authority and Rutherford Aviation, LLC on 18 July 2006, a copy of that lease agreement being attached hereto and incorporated by reference.

7.      Again, for reasons unknown, the lease agreement between Rutherford County Airport Authority and Rutherford Aviation, LLC was not recorded until 25 November 2014.

8.      On or about 12 November 2014 the Debtor CAAMS, LLC, with the approval of the Rutherford County Airport Authority, assigned the lease for Hangar 5C to the Defendant, Caams MRO Services, Inc. (hereinafter "MRO").

9.        A copy of the assignment of the lease from the Debtor to MRO is attached hereto and incorporated by reference and, again for unknown reasons, was not recorded in the Rutherford County Registry until 25 November 2014.

10.        Prior to the assignment by Rutherford Aviation, LLC, Rutherford Aviation, LLC constructed on the leased property a certain airport hangar.

11.        In connection with the assignment to the Debtor of the lease for the ground, the Debtor executed a note in favor of Rutherford Aviation, LLC in the amount of $300,000.00 for payment of the building.

12.        A copy of the Promissory Note is attached hereto and incorporated by reference.

13.        MRO paid nothing to the Debtor as consideration for the assignment of the lease for Hangar 5C.

14.        At the time of the transfer of the lease for Hangar 5C, the Debtor was insolvent.

**WHEREFORE,** the Plaintiff prays that the Court enter its order setting aside the transfer of the lease for Hangar 5C, (including the ground lease and the building) and providing that the bankruptcy estate is the owner of the lease (including the building) for Hangar 5C.

This the 9th day of November, 2017.

/s/ R. Keith Johnson
R. Keith Johnson, Trustee
and attorney for Trustee
NC State Bar No. 8840
1275 Highway 16 South
Stanley, NC 28164
(704)-827-4200

Doc ID:   004516460013 Type: CRP
Recorded:  11/25/2014 at 02:27:18 PM
Fee Amt: $26.00 Page 1 of 13
Instr# 201400004578
Rutherford County, NC
Faye H. Huskey Register of Deeds

BK 1095 PG 877-889

STATE OF NORTH CAROLINA                    (TEMPLATE, ASSIGNMENT, 40 YEAR LEASE)
COUNTY OF RUTHERFORD

### ASSIGNMENT OF LEASE AGREEMENT

THIS ASSIGNMENT OF LEASE AGREEMENT is made and entered into this the _3RD_ day of _November_, 20_08_, by and between Rutherford Airport Authority, hereinafter referred to as AIRPORT AUTHORITY, _Rutherford Aviation LLC_ hereinafter referred to as LESSEE/ASSIGNOR, and _CAAMS LLC_, hereinafter referred to as SUBLESSEE/ASSIGNEE.

### WITNESSETH:

Lessee/Assignor and Airport Authority are parties to a lease agreement dated _7/18/06_ (the LEASE AGREEMENT). The Lease Agreement pertains to the leasing of premises known as Hangar Number _5 C_ and is attached as Schedule A.

Lessee/Assignor has, pursuant to Section 12 of the Lease Agreement, requested permission to assign the Lease Agreement to Sublessee/Assignee. Airport Authority has elected to not exercise its right of first refusal under Section 12 and has consented to this assignment.

BASED ON THE FOREGOING, and for good and adequate consideration, the receipt of which is hereby acknowledged, the parties do agree:

1. Lessee/Assignor does hereby assign, transfer, and convey to Sublessee/Assignee all right, title, and interest of Lessee/Assignor in and to the Lease Agreement, including the improvements constructed upon the premises therein described.

2. Sublessee/Assignee accepts the assignment of the Lease Agreement and agrees to be bound by and subject to all the terms and conditions of the Lease Agreement. From and after the date of this assignment, the Sublessee/Assignee shall be considered the Lessee under the Lease Agreement.

3. Airport Authority does consent to the assignment set forth above.

4. Any notices to Sublessee/Assignee under Section 18 of the Lease Agreement shall, if not hand delivered, be sent by certified or registered mail, return receipt requested, to the Sublessee/Assignee at the following address:

Caams LLC
Fort Lauderdale Int'l Airport
1100 lee Wagner Blvd - Suite 327
Ft Lauderdale, FL 33315

IN TESTIMONY WHEREOF, the Airport Authority has caused these presents to be signed in its name by its Chairman, by order of its Board duly made, the day and year first above written.

IN TESTIMONY WHEREOF, Lessee/Assignor and Sublessee/Assignee have each executed this instrument, under seal, the day and year first above written.

RUTHERFORD AIRPORT AUTHORITY

BY: _____

TITLE: _Chairman_____

LESSEE/ASSIGNOR, IF AN INDIVIDUAL:

_____(SEAL)

LESSEE/ASSIGNOR, IF A CORPORATION OR A LIMITED LIABILITY COMPANY:

(Name of Corporation or
Limited Liability Company) _Rutherford Aviation, LLC_____

BY: _____

TITLE: _MANAGing Member_____

SUBLESSEE/ASSIGNEE, IF AN INDIVIDUAL:

_____(SEAL)

SUBLESSEE/ASSIGNEE, IF A CORPORATION OR A LIMITED LIABILITY COMPANY:

(Name of Corporation or
Limited Liability Company) _CAAMS, LLC_____

BY: _____

TITLE: _Managing Member_____

STATE OF NORTH CAROLINA

COUNTY OF RUTHERFORD

I, _Jeanette A. Bosara_, a Notary Public of the County and State aforesaid, do hereby certify that _Kristy Washburn_ personally came before me this day and acknowledged that he/she is the _Chairman_ (Title of Official) of Rutherford Airport Authority, an authority organized and existing under the laws of the state of North Carolina, and that he/she, as _Chairman_ (Title of Official), being authorized to do so, executed the foregoing instrument on behalf of the authority.

Witness my hand and official stamp or seal, this the _3rd_ day of _November_, 20 _08_.

_Jeanette A. Bosara_
Notary Public

My commission expires: _8/7/2016_

STATE OF NORTH CAROLINA          (FOR LESSEE/ASSIGNOR)

COUNTY OF RUTHERFORD

I, _Sandra K. Hutchins_, a Notary Public of the County and State aforesaid, do hereby certify that _Ken Bostick_ personally appeared before me this day and either (i) (if an individual) acknowledged the execution of the foregoing instrument or (ii) (if a corporation or a limited liability company) acknowledged he/she executes this instrument on behalf of _Rutherford Aviation, LLC_ (name of corporation or limited liability company) and is the _managing member_ (title) of such entity and is authorized to execute this instrument on its behalf.

Witness my hand and official stamp or seal, this the _23rd_ day of _October_, 20 _08_.

_Sandra K. Hutchins_
Notary Public

My commission expires: _7-27-2010_

**SANDRA K. HUTCHINS**
**NOTARY PUBLIC**
**RUTHERFORD COUNTY, NC.**

STATE OF NORTH CAROLINA                    (FOR SUBLESSEE/ASSIGNEE)

COUNTY OF RUTHERFORD

I, _WILLIAM M. JOHNSON_____, a Notary Public of the County and

State aforesaid, do hereby certify that _EVERETTE C. NASH_____

personally appeared before me this day and either (i) (if an individual) acknowledged the execution

of the foregoing instrument or (ii) (if a corporation or a limited liability company) acknowledged

he/she executes this instrument on behalf of _CAAMS, LLC_____

(name of corporation or limited liability company) and is the _MANAGING MEMBER_

(title) of such entity and is authorized to execute this instrument on its behalf.

Witness my hand and official stamp or seal, this the _24TH_ day of _OCTOBER_,

20 _08_.

_____
Notary Public

My commission expires: _FEBRUARY 17, 2013_

OFFICIAL SEAL
Notary Public, North Carolina
County of Buncombe
WILLIAM M. JOHNSON
My Commission Expires: 02/17/2013

Doc ID:   004516440009 Type: CRP
Recorded: 11/26/2014 at 02:20:21 PM
Fee Amt: $26.00 Page 1 of 9
Instr# 201400004574
Rutherford County, NC
Faye H. Huskey Register of Deeds

BK 1095 PG 868-876

STATE OF NORTH CAROLINA

COUNTY OF RUTHERFORD

## LEASE AGREEMENT

(Forty Year Term)

THIS LEASE AGREEMENT is made and entered into this the 18th day of July, 2006 by and between Rutherford Airport Authority, hereinafter referred to as AIRPORT AUTHORITY, and Rutherford Aviation LLC, hereinafter referred to as LESSEE.

WITNESSETH:

In consideration of the mutual covenants contained herein the parties do agree as follows:

1. Premises. Airport Authority hereby leases to Lessee and Lessee does hereby accept as tenant those premises located on the property owned by Airport Authority on Airport Road, Rutherfordton, North Carolina, being a portion of the Rutherford County Airport and being described more fully in Exhibit A attached hereto, known as Hangar Number 5C.

The premises shall include one foot (1') on each side of the external walls of each hangar unit.

In connection with Lessee's use of the premises, Lessee is granted and permitted reasonable and necessary access to and from the runway, ramp area, and fuel facilities at the Rutherford County Airport.

2. Term. The term of this lease shall commence on July 18, 2006, and shall continue for a period of forty (40) years.

3. Rent. The initial annual rent is $722.50 and shall be paid in advance on or before the 31st day of May of each year of this lease at the office of the Rutherford County Finance Department, 289 North Main Street, Rutherfordton, North Carolina.

The annual rent may be increased on each fourth (4th) anniversary of the term of this lease agreement by an amount equal to the increase in the Consumer Price Index – All Urban Consumers for the preceding four (4) year period. In the event such index is no longer published, the Airport Authority shall use a substantially similar index to calculate such increase in payment.

4. Improvements to be Constructed by Lessee. Lessee accepts the demised premises in the condition existing at the commencement of the term of this lease.

Lessee acknowledges that this lease agreement is conditioned upon prompt construction of a hangar upon the premises by Lessee in accordance with plans and specifications to be approved by the Airport Authority.

Upon execution of this lease agreement, Lessee shall have thirty (30) days from the date hereof to submit to the Airport Authority plans for the improvements to be constructed on the premises and sixty (60) days after approval by the Airport Authority to obtain the necessary building permit for such improvements. The improvements shall be completed within six (6) months of the date the building permit is issued. The times for obtaining a building permit and for completion of construction can be extended, upon request of the Lessee, by the Airport Authority, in the Airport Authority's discretion, for good cause shown. Failure to commence and complete construction as required herein may result in termination of this lease agreement as set forth in Section 15, below.

All buildings and improvements must be constructed in accordance with the plans approved by the Airport Authority, must be constructed in a good, workmanlike manner, and shall become a part of the demised premises and become the sole property of the Airport Authority at the expiration or earlier termination of this lease agreement.

5. <u>Deposit: Conditions</u>. Upon approval and execution of this lease agreement, Lessee shall pay to Airport Authority a nonrefundable deposit of five hundred dollars ($500.00). In the event Lessee shall fail to commence and complete the hangar improvements as required by Section 4, above, this lease agreement may be terminated by the Airport Authority and the five hundred dollars ($500.00) deposited shall, upon such termination, be forfeited to Airport Authority. In the event Lessee commences and completes the improvements as required, the deposit of five hundred dollars ($500.00) shall be credited to rents due from Lessee. In the event of termination for failure to commence and complete improvements as required by Section 4, above, Lessee shall promptly remove any materials from the premises and within thirty (30) days of such termination promptly restore the premises to the condition in which they existed at the time of the execution of this agreement.

6. <u>Maintenance and Repairs: Inspections</u>. The Lessee shall be solely responsible for the maintenance and upkeep of all improvements constructed on the demised premises. Lessee shall maintain the premises and the improvements thereon in a good, safe, substantial, and attractive condition.

The Airport Authority shall have the right to inspect and evaluate hangars at any time to determine that the premises and improvements are being maintained and repaired and are being utilized for the purposes as provided by this lease agreement.

7. Utilities. Lessee shall be solely responsible for public utilities of every kind furnished to the premises throughout the term hereof.

8. Liens. Lessee shall keep all of the premises, and every part thereof, and all buildings and other improvements at any time located thereon, free and clear of any and all mechanics', materialmen's, and other liens for or arising out of or in connection with work or labor done, services performed, or materials or appliances used or furnished for or in connection with any operations of Lessee, any alteration, improvement, or repairs or additions which Lessee may make or permit or cause to be made, or any work or construction, by, for, or permitted by Lessee on or about the premises, or any obligations of any kind incurred by Lessee and at all times promptly and fully pay and discharge any and all claims on which any such lien may or could be based, and to indemnify the Airport Authority, and all of the premises, and all buildings and improvements thereon, against all such liens and claims of liens or suits or other proceedings pertaining thereto. This section shall not prohibit Lessee from obtaining a loan secured by a deed of trust on Lessee's leasehold interest, but such deed of trust shall in all respects be subject to this lease agreement.

9. Limitation of Use. Lessee agrees that the above described premises shall be used solely for office space, aircraft storage, aircraft maintenance, and fabrication of aircraft parts by the Lessee and for aircraft owned or leased by Lessee.

Use by Lessee and for benefit of aircraft owned or leased by Lessee shall also include use by or for the benefit of aircraft owned or leased by Lessee's family or Lessee's employees, provided such use shall be allowed by the Lessee without charge to such family member or employee.

Any use by other parties or for other purposes, other than use by third parties for aircraft storage as allowed by the rules and regulations of the Airport Authority, shall be considered a sublease or assignment of this lease and shall require approval by the Airport Authority as provided by Section 12.

All uses shall be subject to the rules and regulations of the Airport Authority as the same shall be adopted from time to time. The right of the Lessee to allow use of the premises for aircraft storage by third parties is subject to such rules and regulations, and Lessee acknowledges the Airport Authority may amend the same at any time.

10. <u>Additional Charges</u>. In addition to the annual rental payments set forth in Section 3, above, and in addition to any other amounts owed by the Lessee to the Airport Authority, the Lessee shall be solely responsible for all ad valorem taxes or other charges and assessments which may be imposed by governmental authorities on the Lessee's leasehold interest and improvements constructed thereon.

11. <u>Insurance and Indemnification</u>. Lessee shall solely be responsible for insuring its property, including business equipment and fixtures, placed on the demised premises.

Lessee shall maintain sufficient insurance to protect the Lessee and the Airport Authority from all claims for personal injury, including death or damage to property, which arise out of or in connection with the use or occupancy of the demised premises by the Lessee, and Lessee's agents, employees, or invitees. Such insurance shall be in an amount determined by the Airport Authority, it being provided that the amount of such insurance during the first year of the term hereof shall be at least one hundred thousand dollars ($100,000.00)/three hundred thousand dollars ($300,000.00) for bodily injury and twenty-five thousand dollars ($25,000.00) for injury to property. Lessee further agrees to indemnify the Airport Authority against all claims, demands, causes of action, suits or judgments, including expenses and reasonable attorneys' fees incurred in connection therewith, for death or injuries to persons, or for loss of or damage to property arising out of or in connection with the use and occupancy of the demised premises by the Lessee, and Lessee's agents, employees, or invitees.

12. <u>Assignment and Sublease</u>. Other than use of the demised premises for aircraft storage by third parties as allowed by the rules and regulations of the Airport Authority, the Lessee shall not assign or sublet any portion of the demised premises, and the improvements thereon, without the prior written consent of the Airport Authority. Any such assignment and sublease shall be secondary to Lessee's primary use of the demised premises. Such consent shall not be unreasonably withheld and the decision of the Airport Authority shall be rendered in a timely manner.

In the event the Lessee desires to assign or sublease its full interest in this lease, the Airport Authority shall have the right of first refusal to purchase the improvements and buildings constructed on the demised premises on the same terms and conditions offered, in good faith, to the proposed assignee or sublessee. In the event of such purchase by the Airport Authority this lease shall terminate. In the event the Airport Authority does not exercise this right of first refusal to so purchase said improvements and, also, consents to an assignment by the Lessee, the assignee shall be bound and subject to all the terms and conditions of this lease agreement.

13. Termination and Buy Back. Lessee acknowledges that the premises are part of properties owned and operated by the Airport Authority for purposes required and allowed by law. Airport Authority property is subject to continuing improvements and modifications to best serve its intended purpose. Therefore, Lessee acknowledges and agrees that at any time, upon one hundred twenty (120) days advance notice, Airport Authority may terminate this lease if, in the sole discretion of the Airport Authority, the premises are needed for a purpose other than leasing of ground space for hangars as provided herein. Upon such termination, Airport Authority agrees to and shall pay to Lessee the then fair market value of the improvements located on the premises taking into account the then remaining term of the lease agreement. In the event Airport Authority and Lessee shall not agree on such fair market value, the fair market value shall be determined by a panel of three (3) professional appraisers familiar with similar properties. One (1) appraiser shall be selected by the Airport Authority and one (1) shall be selected by the Lessee. The two (2) so selected shall appoint a third (3rd). The decision of the panel of three (3) appraisers shall be final and binding upon the parties. Any controversy arising in connection with the appointment of such appraisers and the rendering of their opinion or any procedural details in connection with the same shall be submitted to a Judge of the Superior Court of Rutherford County for guidance and decision by declaratory judgment.

14. Damage or Destruction of Improvements. In the event of partial or total damage or destruction of the improvements, Lessee shall fully repair and reconstruct the improvements within a reasonable period of time not to exceed sixty (60) days. The time for repair and reconstruction can be extended, upon request of the Lessee, by the Airport Authority, in the Airport Authority's discretion, for good cause shown.

15. Breach. The failure of the Lessee to comply with each and every term and condition of this lease shall constitute a breach thereof. The Lessee shall have thirty (30) days after receipt of written notice from the Airport Authority of any breach to correct the conditions specified in the notice and, if the corrections are not made within said time, the Airport Authority may terminate this lease and take possession of the premises without limitation to any other remedies the Airport Authority may have against the Lessee as a result of said breach.

16. Return of Premises. The Lessee agrees that, upon the expiration or other termination of this lease, it will deliver possession of the premises and its improvements and buildings to the Airport Authority and covenants and agrees that said premises and improvements and buildings will

be in as good a condition as they were as of the date of their final construction, reasonable wear and tear excepted.

17. Recordation. This lease agreement shall not be recorded upon the public records but the parties agree to execute a memorandum of this agreement to be so recorded if desired by either party.

18. Notices. Any notice given by one (1) party to the other in connection with this agreement shall be in writing and shall be hand delivered or sent by certified mail or registered mail, return receipt requested, as follows:

If to Airport Authority:

>Rutherford Airport Authority
>622 Airport Road
>Rutherfordton, NC 28139

If to Lessee:

>Rutherford Aviation LLC
>183 Golf Circle
>Rutherfordton, NC 28139

Notices shall be deemed delivered when received by hand delivery or, if mailed, on the date of receipt as evidenced by the return receipt.

19. Consideration for Additional Lease Term. In the event the Airport Authority desires to lease the aforementioned premises at the end of the original term hereof, the Lessor shall, in good faith, consider the lease of said premises to the Lessee upon the terms and conditions then offered by the Airport Authority for such premises.

IN TESTIMONY WHEREOF, the Airport Authority has caused these presents to be signed in its name by its Chairman, by order of its Board duly made, the day and year first above written.

IN TESTIMONY WHEREOF, Lessee has executed this instrument, under seal, the day and year first above written.

RUTHERFORD AIRPORT AUTHORITY

BY: _Phillip C Robbins_

TITLE: _Vice Chairman_

LESSEE, IF INDIVIDUAL:

_____ (SEAL)

LESSEE, IF CORPORATE:

(Name of Corporation) _RUTHERFORD AVIATION LLC_

BY: _Ken Borton_

TITLE: _Pres_

STATE OF NORTH CAROLINA

COUNTY OF RUTHERFORD

I, _Jeanette A Bosara_, a Notary Public of the County and State aforesaid, do hereby certify that _Phillip C Robbins_ personally came before me this day and acknowledged that he/she is the _Vice Chairman_ (Title of Official) of Rutherford Airport Authority, an authority organized and existing under the laws of the state of North Carolina, and that he/she, as _Vice Chairman_ (Title of Official), being authorized to do so, executed the foregoing instrument on behalf of the authority.

Witness my hand and official stamp or seal, this the _25th_ day of _August_, 20 _06_.

_Jeanette A Bosara_

Notary Public

My commission expires: _8/7/10_

STATE OF NORTH CAROLINA

COUNTY OF RUTHERFORD

    I, _Jeanett A Bosgra_, a Notary Public of the County and State aforesaid, do hereby certify that _Ken Fortner_ personally came before me this day and acknowledged that he/she is the _President_ (Title of Official) of _Rutherford Aviation LLC_, a _____ corporation, and that he/she, as _President_ (Title of Official), being authorized to do so, executed the foregoing instrument on behalf of the corporation.

    Witness my hand and official stamp or seal, this the _11th_ day of _August_, 20_06_.

_Jeanette A Bosgra_
Notary Public

My commission expires: _8/7/10_



Doc ID: 004516460012 Type: CRP
Recorded: 11/25/2014 at 02:28:11 PM
Fee Amt: $26.00 Page 1 of 12
Instr# 201400004576
Rutherford County, NC
Faye H. Huskey Register of Deeds
BK 1096 PG 1-12

# ASSIGNMENT OF LEASE AGREEMENT

STATE OF NORTH CAROLINA
COUNTY OF RUTHERFORD

This instrument prepared by: Elizabeth T. Miller

THIS ASSIGNMENT OF LEASE AGREEMENT is made and entered into this the _12 th_ day of _November_ , 2014 by and between Rutherford Airport Authority, hereinafter referred to a AIRPORT AUTHORITY, CAAMS, LLC hereinafter referred to as LESSEE/ASSIGNOR and CAAMS MRO, Services, Inc., hereinafter referred to as SUBLESSEE/ASSIGNEE.

## WITNESSETH:

The Airport Authority first entered into a Lease Agreement for the Subject Property, Hangar 5C, with Rutherford Aviation, LLC, under date of July 18, 2006 which is recorded in Book _1095_, Page _868_, Rutherford County Registry and attached hereto as Schedule A. The said Lease Agreement for Hangar 5C was subsequently assigned to CAAMS, LLC, by that Assignment of Lease Agreement dated November 3, 2008 and recorded at Book _1095_ Page _877_, Rutherford County Registry (Collectively referred to as the LEASE AGREEMENT).

Lessee/Assignor has, pursuant to Section 12 of Lease Agreement, requested permission to assign the Lease Agreement to Sublease/Assignee. Airport Authority has elected to not experience its right of first refusal under Section 12 and has consented to this assignment.

BASED ON THE FOREGOING, and for good and adequate consideration, the receipt of which is hereby acknowledged, the parties do agree:

1. Lessee/Assignor does hereby assign, transfer, and convey to Sublessee/Assignee all right, title, and interest of Lessee/Assignor in and to the Lease Agreement, including the

improvements constructed upon the premises therein described.

2. Sublessee/Assignee accepts the assignment of the Lease Agreement and agrees to be bound by and subject to all the terms and conditions of the Lease Agreement. From and after the date of this assignment, the Sublessee/Assignee shall be considered the Lessee under the Lease Agreement.

3. Airport Authority does consent to the assignment set forth above.

4. Any notices to Sublease/Assignee under Section 18 of the Lease Agreement shall, if not hand delivered, be sent by certified or registered mail, return receipt requested, to the Sublessee/Assignee at the following address:

CAAMS MRO Services, Inc.
622 Airport Rd., Hangar 5C
Rutherfordton, NC 28139

IN TESTIMONY WHEREOF, the Airport Authority has caused these presents to be assigned in its name by its Chairman, by order of its Board duly made, the day and year first above written.

IN TESTIMONY WHEREOF, Lessee/Assignor and Sublessee/Assignee have each executed this instrument, under seal, the day and year first above written.

RUTHERFORD AIRPORT AUTHORITY
By: _____
Title: _Chairman_____

LESSEE/ASSIGNOR
CAAMS, LLC
BY: _____
TITLE: _PRESIDENT_____

LESSEE/ASSIGNOR
CAAMS MRO Services, Inc.
BY: _____
TITLE: _VP-OPS_____

STATE OF NORTH CAROLINA
COUNTY OF RUTHERFORD

I, _Brooke P. Watson_____, a Notary Public of the County of Rutherford and State of North Carolina, certify that _Greg Lovelace_____, personally came before me this day and acknowledged that he is Chairman of Rutherford Airport Authority, an authority organized and existing under the laws of the State of North Carolina, and that he, as Chairman, being authorized to do so, executed the foregoing instrument on behalf of the authority.

Witness my hand and official stamp or seal, this _12_ day of _November_, 201_4_.

My Commission Expires: _2-15-19_     _Brooke P. Watson_____

Notary Public

STATE OF NORTH CAROLINA
COUNTY OF RUTHERFORD

I, _Heather F Silvers_____, a Notary Public of the County of Rutherford and State of North Carolina, do certify that _MICHAEL CLYNE_____ personally appeared before me this day and acknowledged the execution of the foregoing instrument as President of CAAMS, LLC.

WITNESS my hand and notarial seal, this the _20th_ day of _Oct_, 201_4_.

My Commission Expires: _12/17/17_     _HEATHER F SILVERS_____

Notary Public

STATE OF NORTH CAROLINA
COUNTY OF RUTHERFORD

I, _Heather F Silvers_____, a Notary Public of the County of Rutherford and State of North Carolina, do certify that _CLAYTON L. RHMBA_____ personally appeared before me this day and acknowledged the execution of the foregoing instrument as Vice President of Operations of CAAMS MRO Services, Inc.

WITNESS my hand and notarial seal, this the _20th_ day of _Oct_, 201_4_.

My Commission Expires: _12/17/17_     _HEATHER F SILVERS_____

Notary Public

FILE COPY

SATISFACTION:    The debt evidenced by
this Note has been paid and satisfied in full
this ___ day of _____, _____.
Signed:_____

**STATE OF NORTH CAROLINA**

**COUNTY OF RUTHERFORD**

**PROMISSORY NOTE**

$300,000.00                                    _Oct 2__, 2008

FOR VALUE RECEIVED the undersigned promises to pay to Rutherford Aviation,
LLC or order, the principal sum of three hundred thousand DOLLARS ($300,000.00), with
interest from January 1, 2009 at the rate of six and one-half percent (6.5%) per annum on the
unpaid balance until paid or until default, both principal and interest payable in lawful money of
the United States of America at **7 Stokes Farm, Old Tappan, NJ 07675**, or at such place as the
legal holder hereof may from time to time designate in writing. The principal and interest shall
be due and payable as follows:

> Three hundred sixty (360) equal monthly payments of $1,896.20, due and payable on the
> first day of each month commencing January 1, 2009, with the final such monthly
> payment being due and payable on December 1, 2038, all as appearing on the
> amortization schedule attached hereto and incorporated herein by reference. Provided
> however, that the monthly payments for the first three months (January, February and
> March, 2009) shall be paid in advance upon the execution of this Note.

If not sooner paid, the entire remaining indebtedness shall be due and payable on
December 1, 2038.

Each installment shall be applied first to payment of interest then accrued and due on the
unpaid principal balance, with the remainder applied to the unpaid principal.

This Note may be prepaid in full or in part at any time without penalty or premium.
Partial prepayments shall be applied to installments due in reverse order of their maturity.

The Maker shall be in default hereunder if any installment of principal or interest is not
paid within thirty (30) days of the date on which it becomes due, and in the event (a) Maker shall
fail to cure such default within thirty (30) days of written notice thereof, or (b) if Maker shall
default under the terms of the Security Agreement of even date herewith securing this Note and
fail to cure such default within thirty (30) days of written notice thereof, then in either such event
the Holder may without further notice, declare the remainder of the principal sum, together with
all interest accrued thereon, at once due and payable. Failure to exercise this option shall not
constitute a waiver of the right to exercise the same at any other time. The unpaid principal of
this Note and any part thereof, accrued interest and all other sums due under this Note and the
Security Agreement shall bear interest at the rate of _Six and one-half_____ percent
(_6.5_%) per annum after default until paid.

Maker, and any guarantor(s) hereof, hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note and the Security Agreement notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

Upon default the Holder of this Note may employ an attorney to enforce the Holder's rights and remedies and the Maker and any guarantor(s) of this Note hereby agree to pay to the Holder reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing on said Note, plus all other reasonable expenses incurred by the Holder in exercising any of the Holder's rights and remedies upon default. The rights and remedies of the Holder as provided in this Note and any instrument securing this Note shall be cumulative and may be pursued singly, successively, or together against the property described in the Security Agreement or any other funds, property or security held by the Holder for payment or security, in the sole discretion of Holder. The failure to exercise any such right or remedy shall not be a waiver or release of such rights or remedies or the right to exercise any of them at another time.

The owner and holder of this Note, Rutherford Aviation, LLC, may assign or otherwise transfer this Note, in which case Rutherford Aviation, LLC's assignee or transferee shall become the legal owner and holder of this Note and shall have all of the rights of Rutherford Aviation, LLC hereunder. Upon notice from Rutherford Aviation, LLC of such of assignment or transfer, the Maker shall thereafter submit all payments as directed by Rutherford Aviation, LLC in such notice.

This Note shall be governed and construed in accordance with the laws of the State of North Carolina.

This Note is given for purchase money and is secured by a Security Agreement of even date herewith that is a first lien on the property therein described.

IN TESTIMONY WHEREOF, Caams, LLC has caused this instrument to be executed by its managing member as of the date first above indicated.

Caams, LLC

By: _____
Managing Member